Good morning. May it please the Court, my name is Andrea Linda Castillo and I represent Appellant Juan David Rivera-Reyes. Appellant's 16-level sentencing enhancement for the Nebraska statute of first-degree sexual abuse, assault of a child, was improper under either the 2L1.2 analysis of statutory rape or forcible sex offense. I'm asking the panel not to get distracted by the underlying facts but be directed by the elements, the analysis of the elements as required in the camp versus the United States. Cáceres-Olla is a binding decision with regard to the forcible sex offense and statutory rape. Estrada Espinoza is a binding decision with regard to the analysis under the statutory rape. Cáceres-Olla explains why the rules of statutory interpretation require its holding on the forcible sex offense issue, not to include offenses prohibiting sexual conduct based solely on age. With regard to statutory rape, the Court has to settle on a uniform generic definition which cannot be dependent on the laws of the various states. Cáceres-Olla correctly holds that the generic statutory rape requires a four-year age difference. Given the federal, state, and model penal code consensus of the four-year age difference, it would be unprincipled to exclude that requirement from the generic definition. The Nebraska revised statute at issue in this case has the elements of any person who subjects another person to sexual intercourse when the actor is 19 years of age or older and the victim is at least 12 but less than 16. There is no four-year age difference element, and there is no element of force, whether it's the use or the threat of it. And the only challenge with regard to an incompetent consent would be the fact of the age of the victim and the age of the perpetrator. The government has provided in the supplement excerpts of record, judicially noticeable facts, and hidden, well, not hidden in there, but included in there is an affidavit of a complaining witness which is not judicially noticeable. And in that, I would just point the panel to the fact that this is not a judicially noticeable document, and we can see the dangers of relying upon facts that are not judicially noticeable. As you see in that affidavit, there's misspellings, and there could also be an error with regard to the date of birth. The date of birth of the victim in this case is at issue, but with regard to the analysis under the 16-level enhancement, it is not at issue. Does the panel have any questions? I don't believe that we do. You'll have lots of rebuttal time if you want it, so. Okay. I'll reserve the remaining rebuttal if necessary. Thank you. Thank you. Or maybe you want to give your time to the government. I don't believe so, Your Honor. I'm not suggesting they're going to need it, of course, but... May it please the Court. Erica Sager on behalf of the District of Arizona. The generic contemporary definition of statutory rape is the unlawful sexual intercourse with a minor under the age of 16. Two panels of this Court have previously held that in both United States v. Gomez-Mendez and United States v. Rodriguez-Guzman, and that was reaffirmed by this Court's holding in United States v. Zamorano-Ponce. Counsel, there's basically no difference, as I see it, between this case and Kaciris or not Kaciris. Is that right? Kaciris-Ola? And so, I don't think there's any difference What do you suggest that we do in light of that? Well, Your Honor, with regard to Kaciris, the one thing I would note is it's not a final decision yet. I believe we have until the 20th or 21st of this month to file a petition for rehearing because we clearly don't agree that that is a correct interpretation of the law, specifically because when you read Kaciris, the way it's written is that the defendant's offense in that case cannot be a forcible sex offense because the definition of forcible sex offense would also include statutory rape. Well, whether it's right or wrong, we're bound by it, assuming that it becomes final. Well, Your Honor, I think the other, in Kaciris, Kaciris relied on United States v. Gomez to find that the definition of the generic contemporary definition of statutory rape had a four-year age difference, and the court in Gomez directly conflicts with this court's holding in Zamorano-Ponce. Well, it's in tension. I don't think it's directly in conflict, but that's kind of neither here nor there, because if there's no meaningful distinction between the statute in this case and the statute in Kaciris, as a three-judge panel, it doesn't matter whether it's brilliantly reasoned or not reasoned at all if the holding is what it is. So is there any distinction in the statutes that's meaningful to our analysis? The statute in the Kaciris case did not require an age difference at all. It only required that the defendant be over the age of 18, and it actually didn't even require that. It just required that the victim be under the age of 16. In this case, we have a statute that requires that the defendant be over the age of 19 and the victim be under the age of 16. So there is a difference in that there is an age difference requirement in the Nebraska statute that was absent from the Florida statute that the court in Kaciris was dealing with. In view of the cases requiring a four-year age difference, again, whether right or wrong, why is that a significant distinction? Because the cases holding that a four-year age difference is a requirement are failed to address this Court's previous holdings in Gomez-Mendez and Rodriguez-Guzman. And in those cases, the court held that there was no four-year and there was no age difference actually at all required by statutory rape. It was the unlawful sexual intercourse with a minor under the age of consent, and then that age of consent was later clarified to be under the age of 16. So that's why. Well, you can assert that argument, but again, as a three-judge panel, we're bound by it, unless you can somehow distinguish Kaciris-Ola or distinguish Gomez such that you can then take your argument further to say, yes, there are these cases that seem to apply, but here's why they don't apply, and that's what I was hoping you would get to. Is there any legal or factual argument to distinguish these cases? Well, Your Honor, I think it goes back to the Gomez decision, because in Gomez, a panel of this Court held that the definition of sexual abuse of a minor and the definition of statutory rape are identical, which is in direct conflict with what this Court had previously held in Zamorano, that the definition of sexual abuse of a minor under Estrada-Spinoza was not relevant to the 201.2 definition of statutory rape. So there is a conflict between these two panel decisions, and Zamorano-Ponce was the earlier-issued decision and would, in fact, control what the generic contemporary definition of statutory rape is. Gomez also includes the mens rea of knowingly as to the definition of statutory rape, which, again, conflicts with what the – directly conflicts with what the Court in Zamorano-Ponce held. So I think the Court is bound by the previous decision in Zamorano-Ponce, which holds that the generic definition of statutory rape is the unlawful sexual intercourse with a minor under the age of 16, as had been previously held in Gomez and Rodriguez-Guzman. As a practical note, and I believe I discussed this in one of the letters that I filed, that if the Court determines that there is a four-year age difference requirement, that excludes the felony statutory rape statutes in 28 states. And it seems that would be an absurd result that the statutory rape statutes in all of these states could not qualify for a 16-level enhancement because they don't have a four-year age difference or it's an affirmative defense or the age of consent is too high. And so the generic contemporary definition of statutory rape cannot include a four-year age difference for that reason, especially given the way this Court has interpreted the definition of forcible sex offense, because essentially it's a situation where there's no enhancement at all for someone, like in this case, who is involved in a sexual – sexual intercourse without legally valid consent because the victim was under the age of 16 and, in fact, in this case, was 11. But although the defendant pled guilty to a lesser offense than what he was originally charged with, it doesn't change the underlying facts of the case. But we're comparing statute to statute, not looking at the facts of the individual case. That's correct, Your Honor. I point those out only because I think it's important that the Court consider what the implications of a four-year age difference would be. It would be a situation where there would be no enhancement for someone in a situation like this where he was convicted of being over 19 and having sexual intercourse with a child under the age of 16. And that would not – that does not comport with what the sentencing guidelines have determined are crimes of violence such that the 16-level enhancement is appropriate. It's obvious that over time, the Sentencing Commission has expanded the definition of crime of violence to include – or in an attempt to include all sex offenses against minors. And to – to rely on this Court's decision in Gomez and set aside the decision that Zamorano Ponce would require that this Court find that there's a four-year age difference would then exclude statute – numerous, more than the majority of statutes in the United States for statutory rape. Are there any other questions? I don't believe so. Thank you. It seems almost yesterday that I was in front of you, Judge Graber, arguing Zamorano Ponce when you were definitely concerned about the issue in that case, which was the mens rea of a sexual act. And we don't have that situation here. The distinction – and there – I would submit that the holdings in Gomez and Zamorano Ponce, they're absolutely not in conflict. Gomez held that the generic statutory rape includes the four-year age difference. It did not have to even reach the issue of mens rea because that was an element in that statute. And Zamorano Ponce held that the knowingly mens rea was not an element of the generic statutory rape under 2L1.2, but acknowledged in – in that opinion, Judge, to the whole panel, that it may contain a four-year age difference. It might, yes. We didn't decide that issue in Zamorano. We didn't have to decide it. That's correct. It does strike me, though, that our cases in this area are really in disarray. I – it just seems to me that our most recent case is in serious tension with our prior cases in this area. But I don't know whether there's anything a three-judge panel can do to straighten that out. Your Honor, as the government stated, there are serious implications when deciding this enhancement. We look at the 28 states that the government mentioned that would essentially not require any enhancement for the illegal reentry. And we are just talking about the illegal reentry. We're not mitigating the seriousness of the underlying convictions for which the defendants have served. But the responsibility must come on the individual states and the – or the sentencing commission to revise or change the structure of the guidelines for that enhancement. The – Well, really, the question is, what does statutory rape mean? And the guidelines are not precise. They don't give a definition, which is what gives rise to the problem. I was doing a search with regard to the use of the language statutory rape, and I do believe that I found in one other place in the guidelines where it has the definition of sexual abuse of a minor, and then in parentheses states statutory rape. And I failed to get that exact citation for you, and I can do that if that is necessary. No, it's just – it is, I guess, troubling to me that we're continuously having this discussion over the last decade, basically, as to what it means. And the – I mean, the guidelines have the – they have the option of saying, here's the definition of statutory rape. It does require or does not require an age difference. And, of course, they haven't done that. So – I believe that this panel can feel rest assured in finding for the appellant if we look at where the 4-year age difference is supported in the model penal code 2243, SORNA, and then the consensus in the majority of states. And that is outlined state-by-state in a notice of errata or a – one of the briefings in Casa des Ollas. I would direct the panel to examine that. Thank you, counsel. Thank you. We appreciate the arguments that we have heard in this case, and it is now submitted.
judges: Dearie, Graber, Nguyen